449 So.2d 455 (1984)
Prince A. WILLIAMS, on Behalf of his Minor Son, Mark L. WILLIAMS
v.
Jack KUSHNER, Drs. Jack Kushner and Herman R. Cohen, A Professional Medical Corporation, and Sherman Bernard in His Capacity as Commissioner of Insurance For the State of Louisiana.
No. 83-CA-2466.
Supreme Court of Louisiana.
April 2, 1984.
Ammon L. Miller, Jr., Joseph W. Thomas, New Orleans, for plaintiff-appellee.
Harold A. Thomas, Donna L. Yukna, Edward F. Downing, III, Adams & Reese, New Orleans, for defendant-appellee.
William J. Guste, Jr., Atty. Gen., Ronald C. Davis and Lois C. Davis, Asst. Attys. Gen., for defendant-appellants.
MARCUS, Justice.
The issue in this medical malpractice action is whether a claimant who has agreed with the defendant doctor to a settlement for the limit of his liability ($100,000) is *456 entitled to a jury determination of the excess amount of damages recoverable from the Louisiana Patient's Compensation Fund. From a judgment declaring La.R.S. 40:1299.44(C)(5), La.R.S. 13:5105 and La. Code Civ.P. art. 1732[1] unconstitutional, the commissioner of insurance appeals.[2]
Prince A. Williams, on behalf of his minor son Mark L. Williams, instituted this proceeding in the district court against Dr. Jack Kushner and others. He alleged that Dr. Kushner committed acts of medical malpractice in the delivery of his son, causing the permanent and total loss of use of Mark's right arm. Trial by jury was demanded. Prior to trial, Mr. Williams settled with Dr. Kushner for $100,000, his maximum statutory liability, with full reservation of rights to obtain excess damages from the Patient's Compensation Fund. The commissioner of insurance in his capacity as administrator of the Fund moved to strike the demand for a jury trial. Finding that La.R.S. 40:1299.44(C)(5), La.R.S. 13:5105 and La.Code Civ.P. art. 1732 prohibit a jury trial against the Fund, the trial judge declared these statutes unconstitutional on equal protection grounds and, accordingly, denied the motion to strike.

PATIENT'S COMPENSATION FUND
The Patient's Compensation Fund is established and regulated by La.R.S. 40:1299.44 as a special fund for the benefit of successful medical malpractice claimants who are entitled to damages in excess of the health care provider's[3] maximum statutory liability of $100,000. In order to provide monies for the Fund, an annual surcharge set by the Louisiana Insurance Rating Commission is levied on all qualified health care providers.[4] These funds are paid into the state treasury and credited initially to the Bond Security and Redemption Fund. If the funds are not allocated to pay obligations secured by the full faith and credit of the state due and payable within any fiscal year, the treasurer transfers the total amount of the surcharges to the Patient's Compensation Fund.[5] This is a special fund in the state treasury, characterized by statute as a "budget unit of this state."[6] The amount in the Fund may be used only as specified by La.R.S. 40:1299.44.[7] The insurance commissioner collects the monies and administers the Fund while the attorney general protects and defends it. The clerk of the Louisiana Supreme Court is also entitled to expenses from the Fund for use in selecting the list of attorney names from which the choice of the Attorney Chairman of the Medical Review Panels is to be made. The legislature is authorized to appropriate from the Fund sufficient monies to pay the expenses of the commissioner, attorney general and clerk of the supreme court incurred in carrying out these duties. All remaining funds are to be used to discharge qualified claims.[8] If the Fund would be exhausted *457 by payment in full of all claims allowed during a calendar year, the amount paid to each claimant is prorated and any amount left unpaid is paid in the following calendar years.[9]
There are three types of qualified claims against the Fund: (1) a final judgment in excess of one hundred thousand dollars against a health care provider; (2) a court approved settlement in excess of one hundred thousand dollars against a health care provider; or (3) a final award in excess of one hundred thousand dollars in an arbitration proceeding against a health care provider. Upon submission of a certified copy of one of the above to the insurance commissioner, he files a request with the state treasurer who issues a warrant in the amount of the claim.[10]
If the insurer of a health care provider or a self-insured health care provider (hereinafter insurer) agrees to settle its liability and the claimant is demanding an excess amount from the Fund, the claimant files a petition with the court in which the action is pending against the health care provider seeking approval of the settlement and/or demanding payment of damages from the Fund.[11] A copy of this petition is served on the insurance commissioner, the health care provider and his insurer.[12] At the hearing, the commissioner, the claimant and the insurer may introduce evidence to enable the court to determine whether the petition should be approved. If the commissioner and the insurer cannot agree with the claimant on the amount, if any, to be paid out of the Fund, then the court determines the amount of the claimant's damages in excess of the amount already paid by the insurer.[13] A settlement approved by the court is not appealable, but a judgment of the court fixing damages in a contested proceeding is appealable pursuant to the rules governing appeals in any other civil court case tried by the court.[14]

STATUTORY RIGHT TO TRIAL BY JURY
La.Code Civ.P. arts. 1731 and 1732 deal with the right to trial by jury in all civil cases and the limitations on that right. In pertinent part, these articles provide:
Art. 1731(A): "Except as limited by Article 1732, the right to trial by jury is recognized."
Art. 1732: "A trial by jury shall not be available in:
. . . .
(6) All cases where a jury trial is specifically denied by law."
We have held that, under this statutory scheme, there is a right to trial by jury in all civil cases unless this right has been expressly denied by law. Jones v. City of Kenner, 338 So.2d 606 (La.1976); Champagne v. American Southern Insurance Co., 295 So.2d 437 (La.1974). Hence, the initial inquiry is whether a law specifically denies a medical malpractice claimant who has settled with the insurer the right to trial by jury on the amount of damages recoverable from the Fund.
There is no such prohibition in the medical malpractice act. The section dealing with settlement mechanics, La.R.S. 40:1299.44(C), does not specify whether a judge or jury shall determine the amount of post-settlement damages. It provides merely that "the court" shall set the amount of damages in excess of the amount already paid by the insurer. Nowhere in the act is there a directive that this reference to "the court" should mean either a judge or jury. It could be that "the court" is synonymous with the trier of fact. Clearly, the ambiguous reference to "the court" in the medical malpractice act is insufficient to deprive a claimant of a jury trial.
*458 Similarly, there is no prohibition against a jury determination of post-settlement damages in La.R.S. 13:5105. This statute provides: "No suit against the state or a state agency or political subdivision shall be tried by jury." Because a suit under the medical malpractice act is against the health care provider and not against the Fund, an alleged state agency, La.R.S. 13:5105 is inapplicable. From the inception to the conclusion of a medical malpractice proceeding, the action is against only the health care provider. See Forstall v. Hotel Dieu Hospital, 429 So.2d 213 (La.App. 4th Cir.), writ denied, 433 So.2d 1054 (La.1983). La.R.S. 40:1299.47(A)(1) provides that all "malpractice claims against health care providers" (emphasis added) shall first be reviewed by a medical review panel. If, after an agreement to a settlement, the claimant demands an excess amount from the Fund, a petition is filed by the claimant in the "court in which the action is pending against the health care provider." Id. § 1299.44(C)(1) (emphasis added). La.R.S. 40:1299.44(B) provides that the only claim against the Fund shall be a request by the commissioner after he receives a certified copy of a final judgment, court approved settlement or final award in an arbitration proceeding "in excess of one hundred thousand dollars against a health care provider" (emphasis added). Hence, the only party defendant contemplated by the medical malpractice act is the health care provider.[15] The Fund is not specified as a party defendant against whom the action can be brought under the act.[16] If the legislature had intended that the Fund may be a party defendant, it could have so provided as it has done in numerous statutes involving suits against other alleged state agencies, state officers or political subdivisions. See, e.g., La.R.S. 18:1402 (election contests); La. R.S. 23:1634 (unemployment compensation); La.R.S. 40:62 & 68 (birth certificates); La. R.S. 49:461 (suits against state ministerial officers). Therefore, a medical malpractice action is not a suit against the Fund, and La.R.S. 13:5105 is inapplicable. Because of this holding, we do not reach whether the Fund is a state agency within the definition of La.R.S. 13:5102(A).
As there are no laws that expressly deny a medical malpractice claimant a jury trial on the amount of post-settlement damages recoverable from the Patient's Compensation Fund, the claimant is statutorily entitled to trial by jury. Because of this ruling, we do not reach the constitutionality of La.R.S. 40:1299.44(C)(5), La.R.S. 13:5105 and La.Code Civ.P. art. 1732.

DECREE
For the reasons assigned, the ruling of the trial judge declaring La.R.S. 40:1299.44(C)(5), La.R.S. 13:5105 and La.Code Civ.P. art. 1732 unconstitutional is vacated and the judgment denying the motion to strike the demand for a jury trial is affirmed. The case is remanded to the district court for further proceedings in accordance with law.
DIXON, C.J., concurs with reasons.
LEMMON, J., concurs for reasons assigned by DIXON, C.J.
*459 DIXON, Chief Justice (concurring).
I respectfully concur.
The denial of a request to strike a demand for a trial by jury is an interlocutory judgment. Interlocutory judgments may be appealed only upon a showing of irreparable harm. C.C.P. 2083. Irreparable harm in such cases occurs whenever the error of a ruling by a trial court cannot, as a practical matter, be corrected on an appeal of a final judgment. Herlitz Construction Co. v. Hotel Investors of New Iberia, 396 So.2d 878 n. 1 (La.1981) (per curiam). An appeal of a final judgment cannot cure the defect of forcing a party to conduct his trial before a jury when that party has a right to be free from a jury trial. Conversely, an appellate court cannot cure the error of denying a party his right to a jury, since an appellate court, although it can decide the case, cannot sit as a jury and respond as a jury would. The court of appeal could only order a new trial, which would be a tremendous waste of judicial resources. There is a statutory right to appeal such irreparable errors. C.C.P. 2083.
For these reasons, the appeal of the interlocutory judgment which declared the statutes in question to be unconstitutional and ordered the trial to proceed before a jury is properly before this court.
NOTES
[1] The trial judge actually declared unconstitutional art. 1733. This article was renumbered by 1983 Acts, No. 534 and now appears as art. 1732.
[2] The insurance commissioner obtained an order from the trial judge for a suspensive appeal directly to this court. Because the judgment declaring the statutes unconstitutional and denying the motion to strike the demand for a jury trial is not a final judgment, there is no right of direct appeal to this court under La. Const. art. 5, section 5(D). However, by treating the appeal as an application for a writ, we choose to retain the matter under the supervisory jurisdiction of this court. See Derouen v. Kolb, 397 So.2d 791 (La.1981); Burmaster v. Gravity Drainage Dist. No. 2, 366 So.2d 1381 (La.1978); Everett v. Goldman, 359 So.2d 1256 (La.1978).
[3] A health care provider is defined by La.R.S. 40:1299.41(A)(1) as "a person, corporation, facility or institution licensed by this state to provide health care or professional services as a physician, hospital, dentist, registered or licensed practical nurse, pharmacist, optometrist, podiatrist, chiropractor, physical therapist or psychologist, or an officer, employee or agent thereof acting in the course and scope of his employment."
[4] La.R.S. 40:1299.44(A)(2)
[5] Id. § 1299.44(A)(1)
[6] Id. § 1299.44(A)(5)
[7] Id. § 1299.44(A)(1)
[8] Id. § 1299.44(A)(5)
[9] Id. § 1299.44(A)(7)
[10] Id. § 1299.44(B)
[11] Id. § 1299.44(C)
[12] Id. § 1299.44(C)(2)
[13] Id. § 1299.44(C)(5)
[14] Id. § 1299.44(C)(6)
[15] Nevertheless, in this case, the commissioner of insurance in his capacity as administrator of the Fund was made one of the party defendants. Since the medical malpractice act authorizes suit against only the health care provider, the petition fails to state a cause of action against the Fund. La.Code Civ.P. art. 927.
[16] The status of the Fund after a settlement between the claimant and the health care provider is more in the nature of a statutory intervenor rather than a party defendant. The Fund is similar to an intervenor in that it is a third person who has an interest in the proceedings between the claimant and the health care provider because any damages in excess of $100,000 are payable from the Fund. Just as an intervenor may do, the Fund may put on evidence and unite with the defendant in resisting the claimant's demand. Compare La.R.S. 40:1299.44(C)(3) & (C)(5) with La.Code Civ.P. art. 1091(2). Also both an intervenor and the Fund may appeal a judgment of the court in a contested proceeding. Compare La.R.S. 40:1299.44(C)(6) with La.Code Civ.P. arts. 2082 & 2086. Finally, neither an intervenor nor the Fund may object to the form of the action; both take the proceedings as they find them. Official Revision Comments, La.Code Civ.P. art. 1094. Hence, the position of the Fund is more closely analogous to an intervenor than to a party defendant.