WRIT GRANTED AND MADE PEREMPTORY.
The applicant, the Louisiana Patient Compensation Fund, seeks supervisory review of a trial court ruling striking certain paragraphs from its answer to the plaintiffs’ petition to recover from the fund for injuries allegedly caused by medical malpractice.
The plaintiffs filed suit against several doctors claiming they were negligent in their care of Mrs. Stuka. The plaintiffs also sued a medical corporation, as well as a medical malpractice insurer. One of the doctors, the medical corporation and the medical malpractice insurer settled with the plaintiffs for one hundred thousand dollars. The terms of the settlement did not admit liability on the part of the health care providers.
The plaintiffs also filed suit against the Louisiana Patient Compensation Fund for damages over and above the amount received in settlement from the health care providers and their insurer.
The Louisiana Patient Compensation Fund answered, requesting a jury trial and alleging that the health care providers were not negligent in their care of Mrs. Stuka and that the Fund was entitled to litigate this issue at trial. The plaintiffs filed a motion to strike those provisions from the Fund’s answer. The motion was granted by the trial court.
The trial court erred in granting the plaintiffs’ motion to strike.
The Louisiana Supreme Court in Williams v. Kushner, 449 So.2d 455 (La. 1984) found that there is no prohibition against a jury trial under the Medical Malpractice Act. The Court found LSA-R.S. 13:5105 inapplicable. As a party to this suit, within the meaning of LSA-C.C.P. Art. 1733, the Louisiana Patient Compensation Fund has the right to request a jury trial.
Under LSA-R.S. 40:1299.41, the definition of health care providers includes persons and corporations licensed by the state to provide health care. The record before us establishes that the plaintiffs reached a partial settlement with two health care providers, Dr. Ricky L. Jones, as well as Michael O. Fleming and Ricky L. Jones (A Medical Corporation) and their insurance carrier. Plaintiffs dismissed their claims against other original defendant — health care providers, with prejudice, “in further consideration of the foregoing payment” of one hundred thousand dollars. The settlement provided that the plaintiffs were to receive a total of one hundred thousand dollars, rather than the liability limit of one hundred thousand dollars per health care provider established under LSA-R.S. 40:1299.42(B)(2). Therefore, plaintiffs have apparently entered into a partial settlement, have not obtained the maximum amount from each health care provider, have dismissed their claims against other health care providers, and now seek to obtain additional amounts from the Fund, claiming that LSA-R.S. 40:1299.44(C)(5) relieves them from the necessity of proving that the fault of the health care providers caused the injuries of which they complain.
LSA-R.S. 40:1299.44(C)(5) provides that the court shall consider the liability of the health care provider as admitted and established where the insurer has paid its policy limits of one hundred thousand dollars. In the present case, the policy limits of one hundred thousand dollars have not been paid on behalf of each health care provider. This amount was paid on behalf of two *1206 health care providers, without apportionment. Therefore, under the statute, their fault and liability is not deemed admitted as it affects the right of the Fund to deny liability and litigate that issue. Because the issue of liability has not been previously adjudicated or admitted by the Fund, the issue is properly before the trial court and may be asserted by the Louisiana Patient Compensation Fund.
Therefore, the applicant’s writ is granted and the trial court judgment granting the plaintiffs' motion to strike is vacated. The case is remanded to the trial court for further proceedings in accordance with law.