600 So.2d 163 (1992)
Ralph E. SCHWARZENBURG
v.
John D. JACKSON, M.D.
No. 92-C-29.
Court of Appeal of Louisiana, Fifth Circuit.
July 13, 1992.
*164 J. Elliot Baker, C.T. Williams, Jr., Metairie, for relator.
Donna S. Cummings, New Orleans, for respondent.
H. Martin Hunley, New Orleans.
Henry B. Alsobrook, New Orleans.
Edward A. Rodrigue, New Orleans.
Before BOWES, DUFRESNE, and WICKER, JJ.
BOWES, Judge.
WRITS REFUSED. Relator has attempted to intervene in the trial court settlement between the plaintiff and health care provider and his insurer in the above captioned suit for the purpose of objecting to the proposed settlement for the maximum liability of $100,000.00, which settlement has been agreed on and submitted for approval to the trial judge.
The trial judge denied the motion to intervene and held the Fund had no standing to object under these circumstances. Relator seeks our supervisory jurisdiction to overrule the trial court.
We decline to grant writs and affirm the ruling of the trial judge for the following reasons:
Under LSA-R.S. 40:1299.44, the liability of the health care provider is deemed admitted and established when the insurer has paid its policy limits of $100,000.00 (being the maximum). In Koslowski v. Sanchez, 576 So.2d 470 (La.1991), the Supreme Court stated as follows:
The Louisiana Medical Malpractice Act contemplates only one party defendant, the health care provider. Williams v. Kushner, 449 So.2d 455 (La.1984). `The fund is not a negligent party and does not have the status of an Article 2315 defendant.' Williams v. Kushner, 549 So.2d 294, 296 (La.1989). While the patient's compensation fund is not a party defendant, it is a third party with an interest in the proceedings when damages exceed $100,000. Therefore, the fund has the right to intervene in the case of an excess judgment against the fund. Felix v. St. Paul Fire and Marine Ins. Co., 477 So.2d 676 (La.1985).
Liability under the Medical Malpractice Act is based on the initial $100,000 paid by the health care provider or its insurer, pursuant to judgment, settlement or arbitration. When the insurer has admitted liability up to the statutory maximum, the liability of the health care provider is established, and the only remaining issue is the damages, if any, owed by the patient's compensation fund. The fund cannot contest liability when there is a binding settlement for $100,000 by the health care provider, either before or after trial.

[Emphasis added].
Relator seeks to distinguish Koslowski on the grounds that it involved the issue of liability after a settlement with the health care provider was executed. While the present case does involve a pre-trial agreement, it is apparently a binding or bona fide agreement to settle for the maximum liability and we find the underlying question and principle to be the sameand answered in Koslowski (see aboveespecially emphasized portion).
Under the statute, the fund cannot contest liability. If the Malpractice Act does not contemplate the Fund as a party defendant, then neither does it contemplate the Fund as an intervenor on the issue of liability. By attempting to so intervene, to object to a settlement by the Health Care provider for the maximum liability permitted by the statute, the Fund is being an interloper and is attempting to do indirectly what it cannot do directly. If the Legislature had desired for the Fund to intervene or to be able to object to a binding settlement for the maximum amount, it could and would have so provided.
The statute permits the Fund to become involved in the proceedings only when the damages exceed $100,000.00. Koslowski, supra. The act does not give the Fund status as a co-obligor or as a co-defendant with the health care provider or its insurer. The Fund is a creature of the legislature designed only to satisfy settlements and/or judgments against health *165 care providers in excess of $100,000.00. Kelty v. Brumfield, 534 So.2d 1331 (La. App. 4 Cir.1988), writ denied, 536 So.2d 1221 (La.1989). It can have no greater status than given it by its creator (the Legislature).
Since the Fund is neither a co-obligor with the health care provider, nor its insurer, then it is not a party defendant. Therefore, it has no standing to object to a settlement, up to the maximum liability of $100,000.00, reached by parties to the suit.
We find that the wording and the holding of Koslowski quoted above are applicable and contemplated exactly what happened in the case before usthe plaintiff and the health care provider agreed to a binding settlement for $100,000.00 before the trial began. Since none of the money in the Fund is involved in this settlement, the Fund has no standing to object.
To allow the Fund to intervene and object under the circumstances of this case would be opening the door to an interloper standing on the sidelines but being able to control or veto the actions of the parties to the suit. We are confident that this was not the intention of the legislature.
Accordingly, the application is denied.