611 So.2d 777 (1992)
Joyce PAYNE, Individually and as the Tutrix of Calvin Payne, and Calvin Payne, Individually
v.
NEW ORLEANS GENERAL HOSPITAL, ABC Insurance Company, Dr. William Bell, III, DEF Insurance Company, Keith Van Meter & Associates, GHI Insurance Company, Hotel Dieu Hospital, LMN Insurance Company, Dr. William M. McDonnell (or McDonald), et al.
No. 92-CA-1456.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1992.
Allan Berger, Warren A. Forstall, Jr., Berger and Forstall, PPLC, New Orleans, for plaintiffs/appellees.
C.T. Williams, Jr., J. Elliott Baker, Blue, Williams & Buckley, Metairie, for intervenor/appellant, Louisiana Patient's Compensation Fund and Oversight Bd.
Before SCHOTT, C.J., and KLEES and WALTZER, JJ.
WALTZER, Judge.
The Louisiana Patient's Compensation Fund and Oversight Board (the Fund) appeals the trial court's ruling sustaining plaintiffs' Exception of Prematurity. This court must determine whether the Fund may intervene in a medical malpractice action prior to the rendering of judgment, settlement, or award in arbitration.
On January 16, 1985, Joyce Payne and her son, Calvin Payne (the Paynes), filed a malpractice action in connection with medical *778 treatment received by Calvin Payne in January 1984. On October 14, 1991, the Fund filed a Motion for Leave to Intervene. In response to this motion, the Paynes filed an Exception of Prematurity. Argument on the motion and exception was heard on November 21, 1991.
On January 14, 1992, the trial court sustained the Paynes' Exception of Prematurity, denying the Fund's Motion to Intervene. In its Reasons for Judgment, the trial court stated that "[t]he Patient's Compensation Fund (Fund) * * * is responsible for paying excess damages to malpractice victims once there has been a final judgment, a court approved settlement, or a final award from arbitration of one hundred thousand dollars. Until one of the above requirements is present the Fund has no authorization or duty to disperse any funds. No judgment, settlement or award from arbitration has been rendered in this case." The court quoted Stuka v. Fleming, 561 So.2d 1371 (La.1990), cert. den. 498 U.S. 982, 111 S.Ct. 513, 112 L.Ed.2d 525 (1990), wherein the Louisiana Supreme Court held that "[t]he Medical Malpractice Act * * * contemplates that the issue of liability is generally to be determined between the malpractice victim and the health care provider, either by settlement or by trial, and that the Fund is primarily concerned with the issue of the amount of damages." Id. at 1374. The court concluded, "In this case the malpractice victim has sued the health care providers and the issue of liability should be litigated among the parties."
The Fund brought this appeal. We affirm. Our examination of the medical malpractice statutes and the jurisprudence convince us that the Fund may not intervene in a malpractice action prior to the rendering of a judgment, settlement, or award in arbitration.
A malpractice claimant may make a claim against the fund only when the claimant has a judgment, settlement, or award in arbitration which is in excess of $100,000, or a judgment for present or future medical care. La.R.S. 40:1299.44B(2)(a-e). The Louisiana Supreme Court has held that when a judgment has been rendered in excess of $100,000, the Fund may intervene to appeal the amount of the award, but not the issue of liability. Koslowski v. Sanchez, 576 So.2d 470 (La.1991); Felix v. St. Paul Fire and Marine Ins. Co., 477 So.2d 676 (La.1985). In Kelty v. Brumfield, 534 So.2d 1331 (La.App. 4th Cir.1988), writ. den. 536 So.2d 1221 and 1222 (La.1989), we held that the Fund could not intervene to raise prescription after the health care provider settled for $100,000, the statutory maximum of health care provider liability. When a claim has been made against the Fund following settlement with a health care provider for the statutory maximum, the Fund is entitled to a jury trial to determine the amount of damages, but not the issue of liability. Stuka, supra; See also Williams v. Kushner, 449 So.2d 455 (La. 1984) (affording malpractice claimants the right to a jury trial on the issue of damages following settlement for the statutory maximum).
Only one case, Schwarzenburg v. Jackson, 600 So.2d 163 (La.App. 5th Cir.1992), has considered whether the Fund may intervene prior to the rendering of a judgment or settlement in excess of $100,000. In Schwarzenburg, the Fund attempted to intervene after a settlement agreement for the maximum amount of health care provider liability had been submitted to the trial court for final approval. In refusing to grant writs on the Fund's Motion for Leave to Intervene, the Fifth Circuit followed the Louisiana Supreme Court's reasoning in Koslowski, supra. In Koslowski, the Supreme Court stated:
[T]he fund has the right to intervene in the case of an excess judgment against the fund. Felix, [supra]. * * * When the insurer has admitted liability up to the statutory maximum, the liability of the health care provider is established, and the only remaining issue is the damages, if any, owed by the patient's compensation fund. The fund cannot contest liability when there is a binding settlement for $100,000 by the health care provider, either before or after trial.
Id. at 474.
Following Koslowski's holding that the Malpractice Act does not contemplate the *779 Fund as an intervenor on the issue of liability, Schwarzenburg reasoned:
Under the statute, the [F]und cannot contest liability. If the Malpractice Act does not contemplate the Fund as a party defendant, then neither does it contemplate the Fund as an intervenor on the issue of liability. By attempting to so intervene, to object to a settlement by the Health Care provider for the maximum liability permitted by the statute, the Fund is being an interloper and is attempting to do indirectly what it cannot do directly. If the Legislature had desired for the Fund to intervene or to be able to object to a binding settlement for the maximum amount, it could and would have so provided.
* * * The act does not give the Fund status as a co-obligor or as a co-defendant with the health care provider or its insurer. The Fund is a creature of the legislature designed only to satisfy settlements and/or judgments against health care providers in excess of $100,000.00.
* * * Since the Fund is neither a co-obligor with the health care provider, nor its insurer, then it is not a party defendant. Therefore it has no standing to object to a settlement up to the maximum liability of $100,000.00, reached by the parties to the suit.
We find that the wording and the holding of Koslowski * * * contemplated exactly what happened in the case before usthe plaintiff and the health care provider agreed to a binding settlement for $100,000 before[1] the trial began. Since none of the money in the Fund is involved in this settlement, the Fund has no standing to object.
To allow the Fund to intervene and object under the circumstances of this case would be opening the door to an interloper standing on the sidelines but being able to control or veto the actions of the parties to the suit. We are confident that this was not the intention of the legislature.
Id. at 164-165 (emphasis original).
The instant case has not yet reached the settlement stage, and the Fund is therefore attempting to intervene even earlier than the stage at which Schwarzenburg denied intervention. Under these circumstances, we see no reason to deviate from the Fifth Circuit's reasoning in Schwarzenburg. The Malpractice Act does not give the Fund status as a co-obligor or co-defendant. Furthermore, at this point in the proceedings it is unclear whether this case will proceed to settlement or a judgment in excess of $100,000. Until a settlement or judgment in excess of $100,000 has been rendered, the Fund does not have standing to intervene. As the Fifth Circuit reasoned in Schwarzenburg, the Fund is a creature of the Legislature, and if the Legislature had intended for the Fund to be able to intervene prior to judgment or a settlement for the maximum amount, it could and would have so provided.
The Fund has not specifically attempted to distinguish the instant case from Schwarzenburg. The Fund has, however, argued that it is intervening in order to gather information necessary to bring claims on behalf of the Fund which are unrelated to the issue of the liability of the health care provider. The Fund argues that La.R.S. 40:1299.44D(2)(a) imposes a duty to defend the Fund's interests when the Fund deems such representation to be necessary. Pursuant to this duty, the Fund argues that it should be allowed to intervene in order to determine whether the Fund has grounds to proceed against (1) qualified health care providers or their insurers for failure to exercise good faith and reasonable care when entering settlement agreements, pursuant to La.R.S. 40:1299.44C(7); and (2) noncovered health care providers and manufacturers, pursuant to La.R.S. 40:1299.44D(2)(b)(x) and (xi).
While neither of these claims goes to the issue of liability of the health care provider, both claims are premature at this point in *780 the proceeding. As the trial court noted in its Reasons for Judgment, a final judgment, settlement, or award in arbitration in excess of $100,000 has not yet been rendered, and the Paynes, therefore, have no grounds for making a claim against which the Fund will be required to defend itself. Likewise, since there has been no settlement agreement, the Fund cannot question the parties' good faith in reaching a settlement agreement. Furthermore, as the Paynes point out in brief, after eight years of litigation there appear to be no grounds for proceeding against noncovered health care providers or manufacturers. The Fund has furnished no basis for concluding that such parties exist, nor explained why intervention is likely to turn up grounds to proceed against them. While we appreciate the Fund's argument that intervention is necessary in order to gather information necessary to bring these claims on behalf of the Fund, the claims, nonetheless, remain premature until the Paynes make a claim against the Fund.
Additionally, the Fund argues that damages in this case are certain to exceed $100,000, and that the Fund, therefore, has sufficient interest in these proceedings to warrant intervention in accordance with jurisprudence interpreting Louisiana's intervention provision, La.C.Civ.P. Art. 1091. However, under the Louisiana Supreme Court's interpretation of the Medical Malpractice Act, the Fund is not considered an interested party within the meaning of La. C.Civ.P. Art. 1091 until a judgment or settlement in excess of $100,000 has been rendered. In Kushner, supra, the Supreme Court stated:
The status of the Fund after a settlement between the claimant and the health care provider is more in the nature of a statutory intervenor rather than a party defendant. The Fund is similar to an intervenor in that it is a third person who has an interest in the proceedings between the claimant and the health care provider because any damages in excess of $100,000 are payable from the Fund. Just as an intervenor may do, the Fund may put on evidence and unite with the defendant in resisting the claimant's demand. Compare La.R.S. 40:1299.44(C)(3) & (C)(5) with La.Code Civ.P. art 1091(2).

Id. at 458, footnote 16 (emphasis added). In Felix, supra, the Supreme Court stated:

[A]fter a judgment is rendered in a suit between the claimant and the health care provider awarding damages against the health care provider in excess of one hundred thousand dollars, the commissioner and the fund have an interest in the action for the purpose of appealing the excess judgment against the fund. La.Code Civ.P. arts. 1091 and 2086.
Id. at 681 (emphasis added). Thus, in both cases in which the Supreme Court has considered the application of La.C.Civ.P. Art. 1091 to intervention by the Fund, the Court has expressly held that the Fund has an interest in the proceedings after there has been a judgment or settlement in excess of $100,000. Up till now the Supreme Court has contemplated the Fund as an intervenor only for purposes of appealing the amount of a judgment in excess of $100,000. Koslowski, supra; Felix, supra. We see no reason to expand the Supreme Court's interpretation to include the Fund as an interested party within the meaning of La.C.Civ.P. Art. 1091 under the circumstances presented by this case.
While we appreciate the Fund's argument that it is not intervening in order to contest liability, the Fund's intervention is, nonetheless, premature at this point in the proceedings. As the Fifth Circuit reasoned in Schwarzenburg, "To allow the Fund to intervene and object under the circumstances of this case would be opening the door to an interloper standing on the sidelines but being able to control or veto the actions of the parties to the suit. We are confident that this was not the intention of the legislature." Id. at 165.
The Paynes' Exception of Prematurity was correctly sustained by the trial court.
AFFIRMED.
NOTES
[1] We note that the settlement in Koslowski was in fact entered approximately two months after trial and the rendering of a jury award of $250,000. See Koslowski, 576 So.2d at 473.