_[¿DECUIR, Judge.
This is an appeal by the Louisiana Patient’s Compensation Fund from a judgment of the trial court in favor of Donald and Sandra Knight. The trial court awarded damages in the amount of $50,000.00 and attorney’s fees in the amount of $12,500.00, ordered that the Patient’s Compensation Fund guarantee payment of medical expenses to be incurred for treatment by out-of-state health care providers, and further ordered that the Fund pay reasonable travel and related expenses to be incurred by plaintiffs in connection with Mr. Knight’s medical treatment. The judgment also decreed that neither the Fund’s future guidelines nor the state travel guidelines are applicable to the case sub judice, and ordered payment of travel expenses exceeding state guidelines in the amount of $1,673.09.
This action commenced when plaintiffs filed a medical malpractice suit alleging that Donald Knight sustained severe ^neurological problems in his face and eyes and permanent nerve damage during a surgical procedure in which Mr. Knight’s seventh cranial nerve was severed. Mr. and Mrs. Knight settled their claim against the physician for $100,000.00, the maximum amount allowable under La.R.S. 40:1299.42. The plaintiffs then proceeded against the Fund for excess damages pursuant to La.R.S. 40:1299.43, et seq. Thereafter, a court approved settlement was entered into between plaintiffs and the Fund. The present dispute arises from a suit by plaintiffs against the Fund for the alleged breach of the settlement agreement.
The Louisiana Patient’s Compensation Fund contends that the trial court erred: (1) in awarding damages; (2) in finding that out-of-state treatment was more reasonably necessary than the same treatment available in Louisiana; (3) in finding that plaintiffs are entitled to travel expenses in excess of those permitted by the state travel guidelines; and (4) in awarding attorney’s fees.

FACTS

At the time of the settlement agreement, Mr. Knight was under treatment of two out-of-state physicians, Dr. Michael Glasscock and Dr. Ralph Wesley, who practice in Nashville, Tennessee. The judgment approving the settlement agreement was rendered on December 27,1990, and provides in pertinent part as follows:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Louisiana Patient’s Compensation Fund is to pay all future medical expenses for medical care of the patient, Donald Knight, Sr., in accord with the Louisiana Medical Malpractice Act. All future medical care shall be that as defined in the Medical Malpractice Act, including, but no limited to, the surgical procedures as described by Dr. *680 Glasscock in his depositions.” (Emphasis ours.)
This judgment was agreed to and approved by counsel for both parties. The transcript of the settlement agreement reflects that the Fund agreed to pay “unlimited future medicals under the provisions of the Statute.” The relevant statute La.R.S. 40:1299.43B provides in pertinent part:
IsB. (1) “Future medical care and related benefits for the purpose of this Section means all reasonable medical, surgical, hospitalization, physical rehabilitation, and custodial services and includes drugs, prosthetic devices, and other similar materials reasonably necessary in the provision of such services, after the date of the injury.” (Emphasis ours.)
The record reflects that after the settlement, the Fund continued to pay all medical and related expenses incurred in connection with the out-of-state treatment rendered by Drs. Glasscock and Wesley, with the exception of travel expenses incurred in the amount of $1,058.47. The Fund contends it denied payment of these travel expenses because the expenses exceeded the amount permitted by the State of Louisiana Travel Guide.
Subsequent to the settlement agreement, Dr. Glasscock referred Mr. Knight for evaluation by Dr. Mark May in Pittsburgh,. Pennsylvania. The cost of the evaluation which took place in October 1991 was paid by the Fund. Dr. May referred Mr. Knight to the Harmarville Rehabilitation Center, also located in Pittsburgh, for therapy or motor sensory re-education of Mr. Knight’s facial paralysis.
Thereafter, the Fund sought an independent medical examination by Dr. Howard Katz pursuant to La.R.S. 40:1299.43(G). Dr. Katz, a physiatrist at the Rehabilitation Institute in New Orleans, concurred with Dr. May’s recommendations of therapy. Dr. Katz testified that the therapy recommended by Dr. May is traditional; that he has been to the Pittsburgh Facility; and the same therapy is available at several locations in Louisiana. This testimony is unrefuted. In fact, Dr. Glasscock testified in deposition that he could not rule out the fact that there may be facilities in Louisiana offering the same therapy recommended by Dr. May.
On the basis of Dr. Katz’ opinion that the therapy recommended by Dr. May is available in Louisiana, the Fund refused to pay for the therapy in Pittsburgh. The Fund does not deny Mr. Knight is entitled to the recommended therapy and is agreeable to paying for the therapy and related travel expenses in ^Louisiana. The Fund contends that the treatment in Pittsburgh is not more reasonably necessary than the same treatment available in Louisiana.
Because of the Fund’s denial of payment for the recommended therapy in Pittsburgh and its denial of payment of $1,058.47 in travel expenses, plaintiffs filed suit for breach of the settlement agreement seeking damages, attorney’s fees, travel expenses exceeding state travel guidelines, and seeking judgment ordering the Fund to pay medical and related expenses for the recommended therapy under Dr. May’s direction in Pittsburgh.

OUT-OF-STATE V. IN-STATE TREATMENT

The Patient’s Compensation Fund is a creature of the legislature designed only to satisfy settlements and/or judgments against health care providers in excess of $100,000.00. Kelty v. Brumfield, 534 So.2d 1331 (La.App. 4th Cir.1988), writ denied, 536 So.2d 1221 (La.1989); Schwarzenburg v. Jackson, 600 So.2d 163 (La.App. 5th Cir. 1992). The Fund is regulated by La.R.S. 40:1299.44. This is a special fund in the state treasury, characterized by statute as a budget unit of the state, and the amount in the Fund may be used only as specified by La. R.S. 40:1299.44. Williams on Behalf of Williams v. Kushner, 449 So.2d 455 (La.1984).
Pursuant to La.R.S. 40:1299.-43(B)(0), the Fund must pay “all reasonable” medical and related benefits, directly or indirectly “made necessary” by the physician’s malpractice. We recognize that the trial court’s determination that the therapy in Pittsburgh rather than the same therapy in Louisiana is more reasonably necessary is a factual conclusion which we cannot overturn in the absence of manifest error. Rosell v. *681 Esco, 549 So.2d 840 (La.1989). Applying the manifest error/clearly wrong standard, we reverse the trial court’s judgment ordering the Fund to pay for therapy in Pittsburgh. Dr. Katz’ testimony of the existence of facilities offering the same treatment in Louisiana is unrefuted. The record is devoid of any evidence | sthat treatment of the same quality is not available in Louisiana. Furthermore, contrary to the trial court’s findings, we note that Mr. Knight did not have an ongoing relationship with Dr. May nor the Harmar-ville Clinic either at the time of the settlement nor after. The trial court in written reasons ignores the application of La.R.S. 40:1299.43 and 40:1299.44 and the language of the judgment approving the settlement in finding that when the settlement was entered into, no mention was made of any restrictions as to where treatment could be sought, nor were any restrictions made that only certain treatment could be sought out-of-state. We conclude that the trial court was clearly wrong in ordering the Fund to pay for the recommended treatment in Pittsburgh in the face of uncontradicted evidence that the same treatment is available in the state of Louisiana, and we reverse the judgment ordering payment of therapy under Dr. May’s direction at the Harmarville Center.

TRAVEL GUIDELINES

The Fund has denied reimbursement of certain travel expenses based on the decision to restrict payment to those permitted by state travel guidelines. The Fund contends it chose these guidelines as a fair and reasonable basis for payment of claims for travel expenses. Although at the time of the settlement, the Fund had not formally adopted and promulgated travel guidelines, it chose to use the state travel guidelines in reimbursing travel expenses. We agree with appellant that in order for the Fund to continue its legislative purpose to meet the future needs of claimants under the act, it must remain actuarially sound. The Fund has authority to adopt and promulgate rules and regulations as it may deem necessary to discharge its responsibilities pursuant to La. R.S. 40:1299.44. We conclude it was not unreasonable for the Fund to apply the state travel guidelines in determining travel expenses in light of the spirit and purpose of La.R.S. 40:1299.44. The legislation establishing the Fund does not provide for “unlimited” future medical and related expenses, but rather payment of reasonably necessary future medical and related benefits.
I (¡The trial court apparently relied selectively on the language of the judgment approving the settlement that: “the Louisiana Patient’s Compensation Fund is to pay all future expenses for medical care ...” and chose to ignore the language “in accord with the Louisiana Medical Malpractice Act.” The settlement agreement does not and cannot give the plaintiffs more rights than are allowed under La.R.S. 40:1299.41, et seq.
Our opinion today is bolstered by the recent supreme court decision of Kelly v. Brumfield, 633 So.2d 1210 (La.1994), wherein the court stated that one of the objectives of La.R.S. 40:1299.43 is to provide cost-effective, actuarially sound methods for financing and delivering compensation for medical services necessitated by medical malpractice. The supreme court also recognized that the same agency that is granted the authority to receive and evaluate claims, and to pay, settle or reject claims, is also vested with full powers to assure the cost-effectiveness of claims adjustment and the fiscal soundness of the Fund.

DAMAGES AND ATTORNEY’S FEES

We conclude from our review of the record and the law that the Fund did not breach the terms of the settlement agreement. Therefore, the trial court’s award of damages in the amount of $50,000.00 is reversed.
La.R.S. 40:1299.43(E)(2) allows an award for attorney’s fees where the Fund unreasonably fails to pay for medical care. Because we conclude that the Fund did not unreasonably fail to pay for medical care and related benefits, we reverse the trial court’s award of attorney’s fees.
Costs are assessed to plaintiffs-appellees.
REVERSED.
COOKS, J. concurs in results only.