771 So.2d 696 (2000)
Edward LeBLANC
v.
Dr. Richard BARRY, Louisiana Patient's Compensation Fund.
No. 00 709-CA.
Court of Appeal of Louisiana, Third Circuit.
August 30, 2000.
Writ Denied November 17, 2000.
John Hammons Nelson, Hammons & Self, Shreveport, LA, Counsel for Plaintiff-Appellee.
Russell Tritico, Sr., Lake Charles, LA, Counsel for Defendant Dr. Richard Barry.
Keith Armstrong, Corinne Ann Morrison, Chaffee, McCall, Phillips, Toler & Sarpy, Baton Rouge, LA, Attorneys for Defendant-AppellantLouisiana Patient's Compensation Fund.
(Court composed of Judges JOHN D. SAUNDERS, MICHAEL G. SULLIVAN and GLENN B. GREMILLION).
SULLIVAN, Judge.
The plaintiff/appellee, Edward LeBlanc, seeks to dismiss the above captioned appeal as untimely. We disagree and maintain the appeal.
*697 On November 4, 1997, Edward LeBlanc filed a medical malpractice action against Dr. Richard Barry. Plaintiff sought damages relating to Dr. Barry's medical treatment of Odessa LeBlanc, Edward Le-Blanc's deceased spouse. Trial on the merits commenced on December 7, 1999, and judgment was rendered on February 11, 2000 in favor of the plaintiff against Dr. Barry in the amount of $1,029,719.35, plus legal interest from March 3, 1995. The judgment provides that Dr. Barry is not liable for any amount in excess of $100,000 and casts the Patient's Compensation Fund (PCF) in judgment for the balance of $919,719.35 plus legal interest and costs of expert fees. The PCF was not a named party to the suit. On February 15, 2000, the Fourteenth Judicial District Clerk of Court mailed Notice of Judgment to Mr. LeBlanc's attorney, John Hammons, and Dr. Barry's attorney, Russell T. Tritico, Sr. The clerk did not mail a Notice of Judgment to the PCF. On April 26, 2000, the plaintiff's attorney notified the PCF that the judgment was final and executory. Also on that date, plaintiffs attorney mailed Notice of Judgment to the State Treasurer demanding payment of the judgment. The PCF filed a motion for suspensive appeal on May 8, 2000 and obtained an order for suspensive appeal on the same date. The record was lodged with this court on July 14, 2000. The plaintiffs filed a motion to dismiss the appeal as untimely.
La.R.S. 40:1299.44 states in pertinent part as follows:
A(7)a
(7)(a) Claims from the patient's compensation fund exclusive of those provided for in > R.S. 40:1299.43 shall be computed at the time the claim becomes final.
(b) A final claim shall be paid within forty-five days of the board's receipt of a certified copy of the settlement, judgment, or arbitration award, unless the fund is exhausted and the proration provision contained in Subparagraph (7)(c) applies.
B. (1) The state treasurer shall issue a warrant in the amount of each claim submitted to him against the fund within thirty days of receipt of a certified copy of the settlement, judgment, or arbitration award except that payment for claims made pursuant to R.S. 40:1299.44(B)(2)(d) or (e), or both, shall be made upon receipt of such certified copy.
(2) The only claim against the fund shall be a voucher or other appropriate request by the board after it receives:
(d) A certified copy of a judgment awarding medical care and related benefits rendered pursuant to > R.S. 40:1299.43.
(e) A voucher drawn by the board through the patient's compensation fund defense counsel pursuant to a judgment reciting that a patient is in need of future medical care and related benefits under the provisions of > R.S. 40:1299.43.
(6) Any settlement approved by the court shall not be appealed. Any judgment of the court fixing damages recoverable in any such contested proceeding shall be appealable pursuant to the rules governing appeals in any other civil court case tried by the court.
La.Code Civ.P. art. 1913 states as follows:
A. Notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all cases.
B. Notice of the signing of a default judgment against a defendant on whom citation was not served personally, or on whom citation was served through the secretary of state, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service, or in the case of a defendant originally served *698 through the secretary of state, by service on the secretary of state.
C. Except as otherwise provided by Article 3307, in every contested case, notice of the signing of a final judgment, including a partial final judgment under Article 1915, shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
D. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
The Supreme Court in Felix v. St. Paul Fire and Marine Insurance Company, Docket Nos. 85-CC-1261, 85-CC-1271, (La.Sup.Ct. October 21, 1985), 477 So.2d 676 interpreted R.S. 40:1299.44 as follows:
PROCEDURE UNDER THE MEDICAL MALPRACTICE ACT
When a victim of alleged malpractice wishes to assert a malpractice claim against a health care provider who has qualified under the act, he must present his claim to a medical review panel and receive an opinion from the panel prior to filing a suit unless the parties have waived this requirement. The panel procedure commences when the claim is filed with the commissioner. When the panel procedure is completed, the panel chairman submits a copy of the panel's report to the commissioner and all parties and attorneys within five days. The claimant may then proceed to take his claim to a court of law or settle with the health care provider as to liability, damages, or both.
The total amount recoverable for all malpractice claims for injuries to or death of a patient, exclusive of future medical care and related benefits as provided in La.R.S. 40:1299.43, shall not exceed five hundred thousand dollars plus interest and cost; a qualified health care provider is not liable for an amount in excess of one hundred thousand dollars for all malpractice claims because of injuries to or death of any one patient. When a claimant settles, arbitrates or obtains a final judgment in his favor against a health care provider in excess of one hundred thousand dollars, the balance of the claim is due from the Patient's Compensation Fund. This fund is established and regulated as a special fund for the benefit of successful malpractice claimants. In order to provide monies for the fund, an annual surcharge set by the Louisiana Insurance Rating Commission is levied on all qualified health care providers. These funds are paid into the state treasury and credited initially to the Bond Security and Redemption Fund. If the funds are not allocated to pay obligations secured by the full faith and credit of the state due and payable within any fiscal year, the treasurer transfers the total amount of the surcharges to the fund. This is a special fund in the state treasury, characterized by statute as a "budget unit of this state." The duties of the commissioner are to collect the monies and administer the fund. After paying certain administrative expenses, the funds are used to discharge qualified claims on a semi-annual basis. If the fund would be exhausted by payment in full of all claims allowed during an applicable semi-annual period, the amount paid to each claimant is prorated and any amount left unpaid is paid in the following semi-annual periods.
There are five types of qualified claims against the fund including a final judgment in excess of one hundred thousand dollars against a health care provider. Upon submission of a certified copy of the final judgment to the commissioner, he shall file a request with the state treasurer who issues a warrant against the fund in the amount of the claim.

*699 DO THE COMMISSIONER AND THE FUND HAVE A RIGHT TO INTERVENE AND APPEAL THE EXCESS JUDGMENT?
After final judgment, the commissioner and the fund were granted the right to intervene in the suit to appeal the excess judgment against the fund. The claimant argues that they had no right to intervene and appeal. We disagree.
La.Code Civ.P. art. 1091 provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
La.Code Civ.P. art. 2086 provides:
A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.
In the instant suit, only the health care provider and her insured were made defendants. In Williams v. Kushner, 449 So.2d 455 (La.1984), we stated that the only party defendant contemplated by the act is the health care provider. In that case, we had to determine if in a medical malpractice action to obtain excess damages from the Patient's Compensation Fund, the right to a jury trial existed in view of certain statutes denying that right to state agencies. Finding that the act does not specify the fund as a party defendant, we did not reach the issue of the exact status of the fund. We noted that when the fund is defending an action by the claimant for excess damages after settlement with the health care provider, the fund is more in the nature of a statutory intervenor; it is a third person who has an interest in the proceedings between the claimant and the health care provider because any damages in excess of one hundred thousand dollars are payable by the fund. Williams v. Kushner, supra, at 458, n. 16. Similarly, after a judgment is rendered in a suit between the claimant and the health care provider awarding damages against the health care provider in excess of one hundred thousand dollars, the commissioner and the fund have an interest in the action for the purpose of appealing the excess judgment against the fund. La.Code Civ.P. arts. 1091 and 2086. Accordingly, the trial judge was correct in granting the intervention of the commissioner and the fund for the purpose of appealing the excess judgment.

WAS THE JUDGMENT A FINAL JUDGMENT UNDER LA.R.S. 40:1299.44(B)?
La.R.S. 40:1299.44(B) requires the commissioner to submit a claim to the state treasurer after he receives a certified copy of a final judgment in excess of one hundred thousand dollars. The commissioner refused to do so for the reason that neither the final judgment of the trial court nor the mandate of La. R.S. 40:1299.44(B) required him to do so until after the appeal process was complete. In other words, the commissioner interprets "final judgment" in La.R.S. 40:1299.44(B)(2)(a) to mean a judgment after all avenues of appeal have been exhausted. Since the commissioner and the fund were granted a devolutive appeal from the trial court judgment, he argues that the judgment is not "final" for the purpose of initiating the payment of the claim against the fund. We disagree.
La.Code Civ.P. art. 1841 defines a final judgment as one that determines "the merits in whole or in part." Thus, a final judgment in La.R.S. 40:1299.44(B)(2)(a) is one that has determined *700 the merits of the medical malpractice suit. La.Code Civ.P. art. 2082 states that an appeal is the exercise of a right of a party to have a judgment of a trial court revised, modified, set aside or reversed by an appellate court. A suspensive appeal suspends the effect or the execution of a final judgment but a devolutive appeal does not. La.Code Civ.P. arts. 2087, 2123, 2124.
After a final judgment was rendered between the claimant and the health care provider, the commissioner and the fund, considering the judgment excessive, intervened and appealed that issue. By appealing, the commissioner acknowledged his awareness that the judgment was final. Upon receipt of a final judgment, La.R.S. 40:1299.44(B)(2)(a) directs the commissioner to submit a voucher to the state treasurer who shall then issue a warrant in the amount of the claim against the fund. The commissioner could have suspended the performance of his duties by taking a suspensive appeal from the final judgment. Instead, he chose to appeal devolutively. Under the circumstances, the claimant had the right to enforce the provisions of La.R.S. 40:1299.44(B)(2)(a).
The jurisprudence is clear that the Patient's Compensation Fund has an interest in the malpractice claim during the appellate process. However, the Louisiana Medical Malpractice Act does not contain a provision which requires notice of judgment to be sent by the clerk's office to the Patient's Compensation Fund. However, the statute does require a certified copy of the settlement judgment to be served on the board. In the present case the PCF did not receive Notice of Judgment from the clerk's office. The first notice that the PCF received of the judgment was by letter from the plaintiff's attorney on April 26, 2000.
The plaintiff argues that the judgment became final after the normal appeal delays ran from the sending of the Notice of Judgment to the parties, and that the PCF untimely filed their motion for an appeal. We disagree.
The statute and jurisprudence clearly contemplate that the PCF has an interest in the appellate process. See R.S. 40:1299.44(C)(6). In order for this interest to be meaningful, the PCF must receive notice of the judgment to trigger their appeal delays. In the present case the PCF did not receive Notice of Judgment by the clerk's office, and did not receive notice until the plaintiff's counsel sent the certified copy of the judgment pursuant to R.S. 40:1299.44(B)(7)(b) on April 26, 2000. Within two weeks the PCF obtained a motion and order for suspensive appeal. We find under these circumstances the motion for suspensive appeal was filed timely. The appeal is therefore maintained.
APPEAL MAINTAINED.
SAUNDERS, J. dissents and would grant the Motion to Dismiss based on untimeliness.