STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-9

RANDY HANKS, ET AL.

VERSUS

DR. A. KENT SEALE, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2000-4038
HONORABLE PATRICIA MINALDI, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Thomas P. LeBlanc
Michael Keith Prudhomme
Lundy & Davis LLP
P. O. Box 3010
Lake Charles, LA 70602
(337) 439-0707
Counsel for Intervenor-Appellant:
Louisiana Patients' Compensation Fund

Michael H. Schwartzberg
Vamvoras & Schwartzberg
1111 Ryan St.
Lake Charles, LA 70601
(337) 433-1621
Counsel for Plaintiffs-Appellee:
Randy Hanks
Debra Hanks

**Rudie Ray Soileau, Jr.**
**Attorney at Law**
**P. O. Box 721**
**Lake Charles, LA 70602**
**(337) 433-0110**
**Counsel for Plaintiffs-Appellees:**
**Randy Hanks**
**Debra Hanks**

**PICKETT, Judge.**

The Louisiana Patients' Compensation Fund appeals a jury verdict finding Drs. Kent Seale and Walter Ledet liable for medical malpractice and awarding Randy Hanks damages.

## FACTS

Randy Hanks suffered from esophageal reflux. At the direction of his family doctor, Dr. Randall Wagman, Hanks saw Dr. Walter Ledet on January 15, 1997, who performed an esophagogastroduodenoscopy (EGD), a diagnostic procedure. Dr. Ledet diagnosed Hanks with a severe case of esophagitis (inflammation of the esophagus). Dr. Wagman prescribed medicine to treat the esophagitis. Six weeks later, Hanks returned to Dr. Ledet, who performed another EGD and found that the inflammation had almost completely healed, but the esophageal reflux condition continued to be a problem.

In March 1998, Hanks returned to Dr. Wagman seeking to resolve the esophageal reflux condition. Dr. Wagman referred Hanks to Dr. Ledet. On April 7, 1998, Dr. Ledet scheduled Hanks for surgery to repair the esophageal reflux condition. On April 13, 1998, Dr. Ledet, with the assistance of his partner, Dr. Kent Seale, performed surgery on Hanks. The surgery involved the repair of a hiatal hernia and a Nissen fundoplication. The surgery was elective and usually requires a two to three day hospital stay.

Following the surgery, Hanks began developing complications, including necrosis of the stomach tissue and infection in the abdominal cavity, which required additional surgeries to remedy. He was released from the hospital on May 30, 1998.

He has been hospitalized multiple times and has had multiple surgeries since his discharge for problems related to the initial surgery.

On April 8, 1999, Hanks submitted a request for a medical review panel to review his case in accordance with the Louisiana Medical Malpractice Act. Following their review of the case, the doctors on the panel issued a fractured opinion. All three agreed that Drs. Ledet and Seale met the applicable standards of care with respect to the surgery and the post-operative care of Hanks. On the issue of preoperative care, each member of the panel issued a different opinion. Dr. Baron Newton found that the preoperative care failed to meet the standard of care because the doctors failed to perform EGD and manometry tests. Dr. Dean Griffen found that while the failure to perform a manometry test before the surgery was a breach of the standard of care, the breach did not cause the complications suffered by Hanks. Dr. Meyer Kaplan found that the preoperative care met the standard of care.

On July 31, 2000, Hanks and his wife, Debra, individually and on behalf of their minor daughter, filed a malpractice suit against Drs. Ledet and Seale. The matter was tried before a jury April 7 through April 11, 2003. In response to special jury interrogatories, they found that Hanks proved the standard of care applicable to Drs. Ledet and Seale, that he proved a breach of the standard of care by both doctors, and that the breach caused the injuries suffered by Hanks. They awarded damages in the following amounts to Hanks:

| | |
|---|---|
| Past and Future Physical Pain and Suffering | $ 500,000.00 |
| Past and Future Mental Anguish | $ 200,000.00 |
| Past Medical Expenses | $ 628,860.32 |
| Future Medical Expenses | $ 2,435,040.00 |
| Loss of Enjoyment of Life | $ 100,000.00 |
| Past Wages | $ 56,686.00 |
| Future Wages/Earning Capacity | $ 226,207.00 |
| TOTAL | $ 4,146,793.32 |

2

They also awarded $75,000.00 to Mrs. Hanks for loss of consortium, but found that Hanks' daughter did not prove a loss of consortium. The trial court issued a judgment in conformity with the verdict on May 2, 2003, finding Drs. Seale and Ledet liable for $100,000 each, and finding the State Treasurer's Office and the Office of Risk Management liable for the remaining damages, subject to statutory limits. Drs. Ledet and Seale have satisfied their judgments and are not involved in this appeal. The PCF intervened and filed this suspensive appeal.

## ASSIGNMENTS OF ERROR

The PCF asserts two assignments of error:

1. The jury committed manifest error in finding that plaintiffs established the applicable standards of care with regard to the preoperative, operative and post-operative treatment afforded Mr. Hanks in this case and, assuming the standards of care were proved, in finding that Drs. Seale and Ledet breached those standards.

2. The jury clearly erred in awarding plaintiff's future medical expenses without any medical evidence in the record as to the nature, extent and amount of such expenses.

## DISCUSSION

The Louisiana Patient Compensation Fund, in its first assignment of error, argues the jury manifestly erred in both finding the appellee established the applicable standard of care required of the doctors in this matter and in finding Drs. Seale and Ledet breached those standards. The PCF argues, in effect, the jury erred in finding the doctors at fault. In their brief they specifically set forth that "...the jury's verdict of liability in this case is unreasonable on this record, constitutes manifest error, and mandates that the Judgment in this matter be reversed."

The issue of whether the PCF can contest liability when a health care provider has paid its policy limits subsequent to the rendering of a judgment based on a jury

3

verdict was addressed by the Louisiana Supreme Court in *Koslowski v. Sanchez*, 576 So.2d 470 (La.1991). In Koslowski, the supreme court stated as follows:

> The Louisiana Medical Malpractice Act contemplates only one party defendant, the health care provider. *Williams v. Kushner*, 449 So.2d 455 (La.1984). "The fund is not a negligent party and does not have the status of an Article 2315 defendant." *Williams v. Kushner,* 549 So. 2d 294, 296 (La.1989) While the patient's [sic] compensation fund is not a party defendant, it is a third party with an interest in the proceedings when damages exceed $100,000. Therefore, the fund has the right to intervene in the case of an excess judgment against the fund. *Felix v. St. Paul Fire and Marine Ins. Co.*, 477 So.2d 676 (La.1985).
>
> Liability under the Medical Malpractice Act is based on the initial $100,000 paid by the health care provider or its insurer, pursuant to judgment, settlement or arbitration. When the insurer has admitted liability up to the statutory maximum, the liability of the health care provider is established, and the only remaining issue is the damages, if any, owed by the patient's [sic] compensation fund. The fund cannot contest liability when there is a binding settlement for $100,000 by the health care provider, either before or after trial.

In the matter before us, Drs. Ledet and Seale have paid the $100,000.00 for which they are liable, thereby admitting liability up to the statutory maximum. The PCF is, therefore, clearly precluded from contesting liability and we will not consider the first assignment of error.

In its second assignment of error, the PCF argues the jury erred in awarding the appellee future medical expenses without any medical evidence in the record as to the nature, extent and amount of such expenses. The appellant cites many cases regarding the burden for establishing future medical expenses. We note, however, that none of the cases are medical malpractice cases. The PCF will be required to pay for future medical costs as they come due. There is not a lump sum payment required by the judgment. There are procedures set forth in the LMMA which allow the PCF to contest specific treatment. The jury's finding that Hanks is entitled to future medical damages is clearly supported by the record and will not be disturbed. As to

4

the amount of those expenses, since the total amount awarded is for the maximum amount recoverable under the Act, exclusive of the costs of future treatment, all future medical benefits should be paid in accordance with the Act.  See La.R.S. 40:1299.43(A)(3).  This assignment of error lacks merit.

The judgment of the trial court is affirmed.

**AFFIRMED.**

5